# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ARTURO TORRES,

    Plaintiff,

v.                                                                                               CV No. 19-159 WJ/CG

NEW MEXICO CORRECTIONS DEPARTMENT, et al.,

    Defendants.

## ORDER REGARDING INITIAL REVIEW

**THIS MATTER** is before the Court on Plaintiff's *pro se* Civil Rights Tort Complaint, (Doc. 1-1). Defendant removed the Complaint to this Court on February 27, 2019. (Doc. 1). Because Plaintiff is an inmate who seeks redress from a governmental entity or officer, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915A. *Sua sponte* dismissal is required if the Complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. §1915A(b). Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by an inmate until the Court orders a response. *See* 42 U.S.C. § 1997e(g)(1)-(2). Finally, prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* D.N.M. LR-16.3(d). Based on these authorities, the Court will excuse all further obligations of the parties until the screening process is complete.

    **IT IS THEREFORE ORDERED** that, until further Order by the Court, the parties are excused from any pre-screening obligations, including responding to the other

party's filings. Once screening is complete, the Court will enter a separate order either dismissing the Complaint or requiring Defendants to file a responsive pleading.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE