**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARTURO TORRES,

        Plaintiff,

vs.                                    No. CV 19-00159 DHU/JFR

NEW MEXICO DEPARTMENT OF CORRECTIONS,
and DAVID JABLONSKI,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and Fed. R. Civ. P. 12(b)(6) on the Complaint (Tort) filed by Plaintiff, Arturo Torres. (Doc. 1-1). The Court will dismiss the federal claims, if any, in Plaintiff's Complaint and will remand Plaintiff's state law claims to the State of New Mexico, County of Santa Fe, First Judicial District Court.

## I.  Factual and Procedural Background

Plaintiff Arturo Torres filed his Complaint (Tort) ("Complaint") on October 28, 2018, in the State of New Mexico, First Judicial District Court. (Doc. 1-1 at 2) His Complaint names, as Defendants, New Mexico Corrections Department and Secretary David Jablonski.  (Doc. 1-1 at 2). The Defendants removed his case from New Mexico state court to this Court on February 27, 2019.  (Doc. 1).  Torres alleges:

> "[t]his is a tort suit authorized by the New Mexico Tort Claims Act, Chapter 41 N.M.S.A., by a corrections department prisoner who seeks damages for the following:
> > Punitive Damages, Compensatory Damages, Mental Anguish, Negligence, (IIED) Intentional Infliction of Emotional Distress, Exemplary Damages, Deliberate Indifference."

(Doc. 1-1 at 2).  Plaintiff challenges his placement in a "Restrictive Housing Unit" at Northeastern New Mexico Correctional Facility, his subsequent transfer to the Penitentiary of New Mexico, and the conditions of his confinement.  (Doc. 1-1 at 2-5).  He claims that Defendants' "[n]egligent actions are (IIED) Intentional Infliction of Emotional Distress."  Doc. 1-1 at 5).  He also makes passing references to "due process" and "deliberate indifference."  (*See, e.g.,* Doc. 1-1 at 4, ¶ 10 and 5, ¶ 21).  He seeks the following damages:

> "Punitive Damages 2.1 Million
> Compensatory Damages $100.000.00
> Nominal Damages $500,000.00
> Mental Anguish $20,000.00
> Annoyance $20,000.00
> Monetary $10,000.00
> Anxiety $10,000.00
> Reimbursement of $794.05 alleged Property Damage."

(Doc. 1-1 at 6).

## II.  <u>The Law Regarding Dismissal for Failure to State a Claim</u>

Plaintiff Torres is proceeding pro se and *in forma pauperis*.  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

## II.  The Law Regarding Section 1983 Civil Rights Claims

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution.  *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S.

266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional

right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

### III.  Analysis of Plaintiff's Claims

Plaintiff names the New Mexico Corrections Department as a Defendant.  (Doc. 1-1 at 2). He also names Secretary of Corrections David Jablonski in his official capacity.  (doc. 1-1 at 2). The New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico, as are the claims against Secretary Jablonski in his official capacity.  The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). Therefore, the claims against the New Mexico Corrections Department and the official capacity claims against Jablonski will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

The Complaint also names Secretary Jablonski in his individual capacity.  (Doc. 1-1 at 2). Secretary Jablonski is the only individual identified as a Defendant in the Complaint.  The Complaint, however, does not allege any individual conduct on the part of Secretary Jablonski. Absent any allegations that Secretary Jablonski, through his own individual actions, has violated the U.S. Constitution, the Complaint does not state a § 1983 claim for relief against Defendant Jablonski.  *Ashcroft v. Iqbal,* 556 U.S. at 676; *Fogarty v. Gallegos,* 523 F.3d at 1162.

### IV.  This Court will Remand Plaintiff's Case to State Court

Plaintiff's Complaint is on a New Mexico court form and states that the lawsuit is brought under the New Mexico Tort Claims Act, Chapter 41 N.M.S.A.  (Doc. 1-1 at 2).  The overwhelming majority of Plaintiff's allegations assert New Mexico tort law claims, such as negligence and intentional infliction of emotional distress.  (Doc. 1-1 at 2, 5).  Plaintiff also claims violation of the New Mexico Constitution.  (Doc. 1-1 at 5).  Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims.  A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c).  Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing any federal claims in this case.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and will remand this case to the Court from which it was removed.  *Osborn v. Haley,* 549 U.S. at 245.

    **IT IS ORDERED** that any federal claims asserted in the Complaint (Tort) filed by Plaintiff Arturo Torres (Doc. 1-1) are **DISMISSED** under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a federal claim for relief and sovereign immunity, the Court declines to exercise supplemental jurisdiction, and all state law claims are **REMANDED** to the State of New Mexico, County of Santa Fe, First Judicial District Court.

 

_____

UNITED STATES DISTRICT JUDGE